IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-524-D

| WATSON ELECTRICAL CONSTRUCTION, CO., LLC, | ) |  |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CBRE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion by defendant CBRE, Inc. (hereinafter "CBRE") to seal [D.E. 14] exhibits of declaration of Timothy Schipper in support of CBRE's motion to dismiss plaintiff's complaint [D.E. 11]. On March 14, 2022, the court issued an order [D.E. 19] denying as moot CBRE's motion to dismiss plaintiff's complaint [D.E. 11], and granting plaintiff's consent motion for leave to file an amended complaint [D.E. 17]. CBRE's motion to seal [D.E. 14] has been referred to the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(b)(1). [D.E. 21].

This matter is also before the court on the consent motion by CRBE to seal [D.E. 26] exhibits of declaration of Timothy Schipper in support of CBRE's motion to dismiss plaintiff's *amended* complaint [D.E. 23]. On June 14, 2022, the court issued an order [D.E. 31] denying CBRE's motion to dismiss *amended* complaint [D.E. 23]. CBRE's motion to seal [D.E. 26] has been referred to the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(b)(1). [D.E. 30].

Upon consideration of CBRE's motions to seal [D.E. 14, 26], the memoranda in support thereof [D.E. 15, 27], and the entire record herein, the court finds that:

1. In connection with its motion to dismiss plaintiff's complaint [D.E. 11] in this action, CBRE proposed to file certain confidential business documents as exhibits to the declaration of Timothy Schipper in support of CBRE's motion to dismiss ("Declaration 1"), specifically:

    a. Attached as Exhibit A to Declaration 1 is a document titled Integrated Facility Management Agreement, effective May 1, 2016 (the "Facilities Agreement"). [D.E. 13-1].

    b. Attached as Exhibit B to Declaration 1 are the Standard Terms and Conditions for the Work of Goods and Services ("Terms and Conditions") governing the contractual relationship between the parties and non-party J.C. Penney Corporation ("JC Penney"). [D.E. 13-2].

    c. Attached as Exhibit C to Declaration 1 are the individual work orders (the "work orders") subject to the Terms and Conditions and under which Plaintiff performed its work at issue. [D.E. 13-3].

2. In connection with its motion to dismiss plaintiff's *amended* complaint [D.E. 23] in this action, CBRE proposed to file certain confidential business documents as exhibits to the declaration of Timothy Schipper in support of CBRE's motion to dismiss ("Declaration 2"), specifically:

    a. Attached as Exhibit A to Declaration 2 is a document titled Integrated Facility Management Agreement, effective May 1, 2016 (the "Facilities Agreement"). [D.E. 25-1].

    b. Attached as Exhibit B to Declaration 2 are the Standard Terms and Conditions for the Work of Goods and Services ("Terms and Conditions") governing the contractual relationship between the parties and non-party JC Penney. [D.E. 25-2].

    c. Attached as Exhibit C to Declaration 2 are the individual work orders (the "work orders") subject to the Terms and Conditions and under which Plaintiff performed its work at issue. [D.E. 25-3].

3. Exhibits A, B, and C to Declaration 1 [D.E. 13-1, 13-2, 13-3] appear to be the same documents attached as Exhibits A, B, and C to Declaration 2 [D.E. 25-1, 25-2, 25-3]. Inasmuch, the court makes the same findings regarding the exhibits to Declaration 1 and Declaration 2.

4. The Facilities Agreement, by its own terms, designates the documents CBRE seeks to file under seal as "Confidential Information" and imposes upon the parties an obligation to protect the confidentiality of such documents, which contain sensitive

business and commercial information or trade secrets of the parties and of non-party JC Penney.

5. It appears to the court that CBRE is contractually obligated to non-party JC Penney to maintain the confidentiality of its non-public sensitive business and commercial information or trade secrets.

6. It further appears to the court that CBRE claims in good faith that disclosure of the non-public commercial documents attached as exhibits to Declaration 1 and to Declaration 2 could cause harm to the parties' and JC Penney's respective competitive positions.

7. It further appears to the court that CBRE is reasonably required to file such nonpublic, sensitive business and commercial information or trade secrets in connection with its motion to dismiss filed in this action.

8. The court finds that the public's right of access to such non-public, sensitive business and commercial information or trade secrets is outweighed by the interest which the parties and non-party JC Penney claim in protecting against its public disclosure.

9. The court has provided notice to the public of CBRE's motions to seal via the public docket of this matter.

10. It appears that less restrictive alternatives to sealing would not be practical or adequate to preserve the confidentiality of the information in question.

11. CBRE has filed as an exhibit to its motion to seal a redacted version of Declaration 1 with the exhibits noted as having been filed under seal. [D.E. 14-1]. CBRE has filed as an exhibit to its motion to seal a redacted version of Declaration 2 with the exhibits noted as having been filed under seal. [D.E. 26-1].

12. Although CBRE's motion to seal [D.E. 14] does not note Plaintiff's position regarding the motion, CBRE's second motion to seal [D.E. 26] specifically states that Plaintiff consents to that motion to seal.

Upon consideration of CBRE's motions to seal, the memoranda in support thereof, the entire record herein, and for good cause shown for the reasons stated in the motions, CBRE's motions to seal [D.E. 14, 26] are both GRANTED.

IT IS THEREFORE ORDERED that Exhibits A, B, and C [D.E. 13-1, 13-2, 13-3] to the

3

declaration of Timothy Schipper [D.E. 13] in support of CBRE's motion to dismiss plaintiff's complaint, AND Exhibits A, B, and C [D.E. 25-1, 25-2, 25-3] to the declaration of Timothy Schipper [D.E. 25] in support of CBRE's motion to dismiss plaintiff's *amended* complaint be FILED UNDER SEAL.

IT IS FURTHER ORDERED that the Clerk of Court file in this action: (1) the redacted copy of the declaration of Timothy Schipper in support of CBRE's motion to dismiss plaintiff's complaint attached as Exhibit 1 [D.E. 14-1] to CBRE's motion to seal [D.E. 14]; and (2) the redacted copy of the declaration of Timothy Schipper in support of CBRE's motion to dismiss plaintiff's *amended* complaint attached as Exhibit 1 [D.E. 26-1] to CBRE's motion to seal [D.E. 26].

SO ORDERED, this the 15th day of August, 2022.

_____
Brian S. Meyers
United States Magistrate Judge